E-FILED
Friday, 03 September, 2021  03:32:36 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| SEBASTIAN PATTERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.  21-1164 |
| | ) | |
| MICHAEL SEGAL, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER AND OPINION

Pending before the Court is Petitioner Sebastian Patterson's Motion for Writ of Habeas Corpus Under 28 U.S.C. § 2241. For the reasons set forth below, Petitioner's § 2241 Petition is DISMISSED.

### ANALYSIS

Petitioner is currently in the custody of the Federal Bureau of Prisons and housed at Pekin Federal Correctional Institution ("FCI Pekin"). On May 27, 2021, Petitioner filed the instant § 2241 Petition. Under Rule 4, Rules Governing Section 2254 Cases, the Court is required to review a petition filed under Section 2241 and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.* The Court's preliminary review under Rule 4 reveals that Petitioner's case was already decided on the merits in a different district and is thus barred by *res judicata*.

Petitioner argues that he has not received sufficient credit for time served and is challenging the manner in which his sentence is being calculated by both the State of Illinois and the Bureau of Prisons. As Petitioner acknowledges, however, this matter was already adjudicated in the

Northern District of West Virginia, Case Number 1:18-cv-199. On March 20, 2020, the Northern District of West Virginia dismissed Petitioner's claim with prejudice, finding that Petitioner's claim did not have any merit because Petitioner is not entitled to state credit toward his federal sentence. *Patterson v. Entzel*, No. 1:18-cv-199, 2020 WL 1471725, at *3 (N.D.W. Va. Mar. 26, 2020). The court explained that after Petitioner's federal sentencing on August 29, 2016, Petitioner remained in the primary custody of Illinois and was returned to state custody to finish serving his state parole revocation sentence. *Id*. After completing his state sentence, he was released to federal custody and commenced his federal sentence. *Id*. The court stated that the time Petitioner spent in state custody was for a 10-year sentence imposed in July 2009. The time Petitioner spent on parole and the time he spent in custody after he violated parole were all credited to the 10-year state sentence. The court explained that to credit that time against his 2016 federal sentence would qualify as double credit to which Petitioner was not entitled. *Id*.

Petitioner's explanation for this second filing is that he was transferred from a facility in the Northern District of West Virginia to FCI Pekin in the Central District of Illinois. He also claims that around the time his case was decided, the COVID related lockdowns began and interfered with his ability to file an appeal.

Despite Petitioner's explanation for the second filing, there has already been a decision on the merits of his case and a second lawsuit is barred by the doctrine of *res judicata*. "Under res judicata, 'a final judgment on the merits bars further claims by parties or their privities based on the same cause of action.'" *Brown v. Felsen*, 442 U.S. 127, (1979) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). There are three elements constituting res judicata: 1) an identity of the parties or their privities, 2) an identity of the causes of action, and 3) a final judgment on the merits." *People Who Care v. Rockford Bd. of Educ.*, 68 F.3d 172, 177 (7th Cir.

1995) (citing *Barnett v. Stern*, 909 F.2d 973, 979 (7th Cir. 1990)). In this case, the respondent is technically different in that Petitioner was in a different prison when he filed the second petition and thus, sued a different warden. However, "[t]here is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government." *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402–03 (1940); *Church of New Song v. Establishment of Religion on Taxpayers' Money in Fed. Bureau of Prisons*, 620 F.2d 648, 654 (7th Cir 1980). A review of the opinion from the Northern District of West Virginia and Petitioner's admission that he previously filed a case, confirm that the causes of action are the same. The prior opinion is explicit that it is a final judgment on the merits. *See Patterson*, 2020 WL 1471725 at *3. Accordingly, all of the elements of *res judicata* are satisfied.

Res judicata is an affirmative defense. *See* Fed.R.Civ.P 8(c). Generally, an affirmative defense must be raised by the opposing party, but courts can raise affirmative defenses *sua sponte* if it "is so plain from the face of the complaint that the suit can be regarded as frivolous; and the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). Plaintiff admits that he first brought his claims in the Northern District of West Virginia, making it plain from the Complaint that res judicata applies here. Accordingly, it is appropriate for the Court to raise the matter on its own accord.

## CONCLUSION

For the reasons stated above, Petitioner's Petition for Writ of Habeas Corpus under 29 U.S.C. § 2241 [1] is DISMISSED. This case is now TERMINATED. The Clerk is DIRECTED to close this case.

ENTERED this 3rd day of September, 2021.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge